564

(No. 36604.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, *vs.* MIKE ZUCCARINI *et al.,* Appellees.

*Opinion filed January 23, 1962.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and EDWIN W. MERRICK, Assistant Attorneys General, of counsel,) for appellant.

ROGER V. PIERSON, of Princeton, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Bureau County returned a verdict finding the sum of $29,000 to be just compensation for certain land which was taken and other land which was damaged in connection with the construction of an interstate highway. Judgment was entered on the verdict and the Department of Public Works and Buildings has appealed. To reverse the judgment the Department contends that the verdict is excessive, that experts who testified on behalf of the land owners did not properly separate the value of the

land taken from the damage to the remaining land, and that the court erred in accepting the verdict of the jury in the form in which it was returned.

The property involved is a farm of 147 acres owned by Mr. and Mrs. Charles T. Batten and leased by them to tenants. The Department sought to acquire, for the construction of the highway, 6.6 acres of the farm, on which were located the two-story dwelling house, a few feet of the barn, and a cob shed. Two witnesses testified for the Department, and two for the property owners, as to the value of the property taken and the damage to the remainder. These witnesses were agreed that the value of the farm prior to the taking was $625 to $635 per acre. They differed, however, as to the value of the part taken and the damage to the remainder. One of the witnesses for the Department fixed the value of the land taken at $18,900 and the other at $17,950. The first of these witnesses fixed the damage to the remainder at $1100 and the second at $5600. The aggregate amounts testified to by these witnesses were thus $20,-000 and $23,550. One of the property owner's witnesses testified to total damages of $33,845. The other testified to total damage of $32,375, of which the damage to the remainder was $5800. Of the $29,000 awarded by the jury, $1200 was allocated to the tenants of the farm for loss of the value of their leasehold interest.

The testimony of one of the witnesses for the property owners was unsatisfactory, particularly with respect to the segregation of the items of value of the property taken and damage to that which remained. But the same defect characterized the testimony of one of the witnesses for the petitioner. The jury viewed the premises and returned an award which is within the range of the evidence. In such a case the jury's determination will not be disturbed unless it is clearly shown to have resulted from passion, prejudice, or palpable mistake. (*City of Chicago* v. *Giedraitis,* 14 Ill.2d 45; *Department of Public Works* v. *Pellini,* 7 Ill.2d 367;

*Department of Public Works* v. *Lambert,* 411 Ill. 183.) No such showing has been made in this case.

The verdict was in the following form: "We, the Jury, having viewed the premises in question, and having heard the evidence, find and report the fair cash market value of the land and premises to be taken in this proceeding \* \* \* and fair and just compensation for damages to that portion of said defendants' land not taken in this proceeding but resulting from the construction of said highway in question to be $29,000." Appellant contends that the verdict is improper in that it did not specify separate amounts as to the value of the land taken and damages to the remainder not taken.

This contention was considered and rejected in *Wabash, St. Louis and Pacific Railway Co.* v. *McDougall,* 126 Ill. 111, where it was held that nothing in the Eminent Domain Act requires a more definite or specific finding by the jury than was here returned. Appellant urges, however, that a contrary view, which is now controlling, was asserted in *Rockford Electric Co.* v. *Browman,* 339 Ill. 212. That case involved the condemnation of certain land for purposes of extending power lines across it, and the court said (p. 217): "In a condemnation suit *of this character* it is the duty of the jury to assess damages separately for the land taken, for the depreciation in value, by reason of the easement, of the part subject to the easement, and for the depreciation in value, if any, to the land not taken by reason of the construction of the transmission line \* \* \*." (Emphasis added.)

The language of the *Browman* opinion indicates that its holding is limited to the kind of proceeding there involved. In such a proceeding there are three elements for determination by the jury:—the value of the very small amount of land actually taken for the use of power line structures, the damage resulting from the power line's easement across the land, and the damage resulting to the re-

mainder of the tract from the presence of the easement. These unusual factors account for the decisions of many courts which require separation of the elements of compensation and damage in such cases. See cases collected, 124 A.L.R. 409.

While precision is unquestionably enhanced when the value of the property taken is clearly distinguished from the amount awarded as damages to the remaining property, the question in this case is whether a verdict that returns an award in the aggregate is to be reversed, even though no other form of verdict was tendered by the objecting party. There has been no relevant change in the applicable statute since the decision in the *McDougall* case, and we hold that a verdict within the range of the evidence is not to be set aside solely because the verdict did not segregate the items of the total award.

The judgment of the circuit court of Bureau County is affirmed.

*Judgment affirmed.*